FILED
JAN 2 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 8057

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> Jose Alfredo JIMENEZ-Ibarra, <br> Defendant. | Magistrate Case No.: <br> COMPLAINT FOR VIOLATION OF <br> 21 U.S.C. § 952 and 960 <br> Importation of a Controlled Substance (Felony) |

The undersigned complainant being duly sworn states:

COUNT ONE

That on or about January 23, 2008, within the Southern District of California, defendant Jose Alfredo JIMENEZ-Ibarra did knowingly and intentionally import approximately 9.30 kilograms (20.46 pounds) of heroin, a Schedule I Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

//
//
//
//
//
//

## COUNT TWO

That on or about January 23, 2008, within the Southern District of California, defendant Jose Alfredo JIMENEZ-Ibarra did knowingly and intentionally import approximately 23.26 kilograms (51.17 pounds) of cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

REUBEN McDOWELL
Special Agent
Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 24th DAY OF JANUARY 2008.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES OF AMERICA
v.
Jose Alfredo JIMENEZ-Ibarra

## STATEMENT OF FACTS

This Statement of Facts is based on the reports, documents, and notes furnished to Immigration and Customs Enforcement Special Agent McDowell.

On January 23, 2008, at approximately 1330 hours, Jose Alfredo JIMENEZ-Ibarra entered the United States at the Calexico, CA West Port of Entry. JIMENEZ was the driver, sole occupant and registered owner of a 1996 Volkswagon Van.

The vehicle approached lane 2 manned by CBPO L.V. Rodriguez. CBPO Rodriguez received a negative oral Customs declaration from JIMENEZ. CBPO Rodriguez observed JIMENEZ hands shaking uncontrollably. CBPO RODRIGUEZ opted to refer JIMENEZ and the vehicle to the vehicle to secondary inspection.

In the secondary inspection area, CEO C. Randolph was conducting a lot sweep with his Human and Narcotic Detector Dog assigned Human and Narcotics Detector Dog (HNDD). The HNDD alerted to the rear area of the vehicle.

A subsequent inspection of the vehicle revealed 28 packages in the gas tank of the vehicle. One of the packages was probed by CBPO Alvarado and a sample of a white powdery substance was obtained, which field tested positive for cocaine. CBPO Alvarado observed that seven of the packages were a different shape. One of the seven packages was probed by CBPO Alvarado and a sample of a brown powdery substance was obtained, which field tested positive for heroin. The 21 packages of cocaine had a combined weight of approximately 23.26 kilograms (51.172 pounds). The 7 packages of heroin had a combined weight of approximately 9.30 kilograms (20.46 pounds).

JIMENEZ was advised of his Miranda Rights, which he acknowledged and waived. JIMENEZ stated that he had purchased the vehicle approximately one week to ten days prior. JIMENEZ stated that no one has used the vehicle since he purchased it. JIMENEZ stated that he puts $200 to 300 Mexican pesos worth of gas in the vehicle, approximately 20 to 26 liters.